UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**KRISTINA CIARAMITARO**,

        Plaintiff,

v.

Case No. 23
Hon.
Mag.

**GENERAL MOTORS, LLC**

        Defendants.

---

CAITLIN E. MALHIOT (P76606)
JONATHAN R. MARKO (P72450)
**MARKO LAW, PLLC**
Attorney for Plaintiff
1300 Broadway Street, Fifth Floor
Detroit, MI  48226
P: (313) 777-7529 / F: (313) 771-5785
cait@markolaw.com

---

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this Complaint pending in this Court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this Complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a Judge in this Court.

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, Kristina Ciaramitaro, by and through her attorneys, MARKO LAW, PLLC, and for her Complaint against the above-named Defendant, states as follows:

## JURISDICTION AND VENUE

1. Plaintiff Kristina Ciaramitaro is a woman residing in Macomb County, Michigan.

2. Defendant General Motors LLC is a foreign limited liability company conducting business in Wayne County, Michigan.

3. Plaintiff was employed by Defendant and the actions giving rise to the Complaint occurred in Wayne County, Michigan.

4. This action arises under 42 USC 12101, *et seq.*, and jurisdiction of this Court is invoked pursuant to 28 USC 1331.

5. The events giving rise to this Complaint occurred within this judicial district and venue is proper under 29 USC 1391(b)(2).

## FACTUAL ALLEGATIONS

6. Plaintiff, by reference, incorporates the preceding paragraphs of her Complaint as though fully set forth herein.

7. Plaintiff began her employment with Defendant in 2015.

8. In November 2021, Plaintiff applied for leave under the Family and Medical Leave Act to treat her depression, which application was approved.

9. Plaintiff took her leave under the Family and Medical Leave Act and returned in February 2022.

10. During Plaintiff's leave, her direct supervisor, Peter Komloson contacted her multiple times.

11. When Plaintiff returned from leave, Komloson changed her job responsibilities and removed assignments and duties that Plaintiff had performed prior to her medical leave.

12. When Plaintiff returned from leave, Komloson ceased having the one-on-one meetings with her that they had had before her medical leave.

13. In late July 2022, Plaintiff met her performance goals at her mid-year performance review by her direct supervisor, Peter Komloson.

14. Komloson failed to submit Plaintiff's positive review from July, 2022.

15. Plaintiff had four internal interviews and was expected to be promoted between July 22nd and August 5th, 2022.

16. On August 11, 2022, Plaintiff's employment was terminated.

17. The reason given for Plaintiff's termination was mere pretext.

18. Upon information and belief, Plaintiff was terminated because of her disability and because she took FMLA leave.

19. As a result of the illegal acts and omissions of Defendant Plaintiff has suffered and continues to suffer damages, including but not limited to the following:

   a. Stress;

   b. Humiliation;

    c. Emotional Damages;

    d. Non-economic damages;

    e. Economic Damages; and

    f. All other injuries to be discovered throughout discovery.

## COUNT I- VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

20. Plaintiff re-alleges and incorporates by reference the forgoing paragraphs as if fully set forth herein.

21. Plaintiff was an eligible employee within the coverage of the Family and Medical Leave Act, 29 USC 28.

22. Defendant was an employer within the coverage of the Family and Medical Leave Act.

23. Plaintiff was eligible for and qualified for leave under the Family and Medical Leave Act to care for her father.

24. Plaintiff applied for and was granted leave under the Family and Medical Leave Act.

25. Defendant retaliated against Plaintiff for exercising her rights under the Family and Medical Leave Act, including terminating Plaintiff's employment.

26. Because of Defendant's illegal retaliation, Plaintiff has suffered and continues to suffer damages.

## COUNT II- VIOLATION OF THE AMERICANS WITH DISABILITIES

## **ACT**

27. Plaintiff re-alleges and incorporates by reference the forgoing paragraphs as if fully set forth herein.

28. Defendant is an employer within the coverage of the Americans With Disabilities Act of 1990, 42 USC 12101 et seq. (ADA).

29. Plaintiff is an employee within the coverage of the ADA.

30. Plaintiff suffers from a disability as defined by the ADA.

31. Plaintiff was perceived as suffering from a disability as defined by the ADA.

32. Plaintiff was and is able to perform her job duties for the position she held with Defendant.

33. Defendant discriminated against Plaintiff based on her disability and/or a perception of her as disabled.

34. Defendant's discrimination against Plaintiff was done with malice or with reckless indifference to her federally protected rights.

35. Defendant's conduct violates the ADA.

36. In addition to discriminating against Plaintiff because of her disability and/or perception of a disability, Defendant retaliated against Plaintiff by terminating her employment, in violation of the ADA.

37. As a direct and proximate cause of Defendant's violation of the ADA,

Plaintiff has suffered and continues to suffer damages.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court grant judgment in favor of Plaintiff and against Defendants in an amount the Court or jury deems just and fair, plus interest, costs and attorney fees.

Respectfully submitted,

*/s/ Caitlin E. Malhiot*

Caitlin E. Malhiot (P76606)
Jonathan R. Marko (P72450)
**MARKO LAW, PLLC**
220 W. Congress, Fourth Floor
Detroit, MI 48226
Phone/Fax: 313-777-7529
Email: cait@markolaw.com

Dated: July 26, 2023

## **DEMAND FOR TRIAL BY JURY**

NOW COMES Plaintiff, KRISTINA CIARAMITARO, by and through her attorneys, MARKO LAW, PLLC, and hereby demands a trial by jury in the above-captioned matter.

                                  Respectfully submitted,

                                  */s/ Caitlin E. Malhiot*
                                  Caitlin E. Malhiot (P76606)
                                  **MARKO LAW, PLLC**
                                  220 W. Congress, Fourth Floor
                                  Detroit, MI 48226
                                  Phone: 313-777-7529
                                  Fax: 313-771-5728
                                  cait@markolaw.com

Dated: July 26, 2023